17-6070, Marcia Kelley, et al. v. Shelby Ct Bd of Education, et al. For argument not to exceed 15 minutes to the appellate, 15 minutes to be shared by appellees. Mr. Floyd, for the appellate. Good morning. Good morning. May it please the Court, my name is Michael G. Floyd. I represent the appellate, Memphis-Shelby County Education, et al. And the 200 teachers who were affected by the District Court's order. Wait a minute, you represent those 200 people? Yes, sir. Did you enter an appearance on behalf of them? Thank you, pardon? Did you enter an appearance on behalf of them in the District Court below? Your Honor, we sought to enter our appearance with a leave to amend the complaint. And the lower court denied that order. When you went into court, did you say, I represent these 200 people? Or did you say, I represent the board? When we entered our appearance, it was on behalf of the Memphis-Shelby County Education Association, et al. Including those teachers. When we sought to amend the complaint, that matter was denied. I'm still confused. You're either representing those individuals or you aren't, right? That, at least, we can say. There's an organization that they're a member of, which you can represent, which may have this or that interest. And then there's the individuals, right? Yes, sir. Were you the lawyer for the individuals? Initially, we weren't, Your Honor. So how can you ask, how can you come into court and ask for certain people to be a party as a plaintiff without being the lawyer for those potential or putative plaintiffs? I just don't, I see, I think that's what you're asking for. I just don't see how that works. I mean, I wasn't a trial lawyer. I'm not sure. But that sounds strange to me, that you would come into court and say, accept these people as plaintiffs, but I'm not their lawyer. I mean, it's like make them plaintiffs, even though they're not here saying we want to be plaintiffs. Is that what you were doing? Your Honor, when we sought to amend our complaint, we wanted to add those members as well. And the district court said. Don't you have to represent them when you want that? Yes, sir. Or am I missing something? Is there some sort of procedure for saying I want these people in this? I'm sorry. Just one moment. The lights should be on. Go ahead. You can explain it to me. I'm not, you know, I haven't brought people into court, at least in a long time. Please. If I could be clear, you do represent the Teachers Association, I'll call it. Yes, sir. The Shelby County. Yes, sir. All right. So you made a motion to amend and join a number of individuals. Are all of those individuals members of the association? Yes, sir. And those individuals, did anybody speak to them individually in terms of do you want this to happen? Did you have letters or petitions or something that would say John, Mary, and Bill are part of this 200, whereas Steve and somebody else aren't? That is, how did you get the 200 and how did you communicate with them? Let's put it that way. Your Honor, the amended complaint, which we did not file originally, set forward that they represented Kelly and the other plaintiffs as well as all other similarly situated individuals, which are those 200 people who suffered the same injury as Kelly and the other plaintiffs. Was that an attempt at class certification? Because there was no class certification, am I right? No, it wasn't, but the amended complaint did specifically state that they represented Kelly and all other similarly situated individuals. I guess I'm back to Judge Rogers. Can you do that? That is, if, for example, you know, I say the police beat me up and I represent the other seven people that were beaten up with me, can I just do that by saying it? I believe based upon organizational standing we can, Your Honor. So we'd look to the law of organizational standing. Okay, go ahead as far as I'm concerned. Organizational standing gives the organization standing because the organization is a plaintiff and then the organization gets relief. You want relief on the part of these 200 people, right? Correct. It gives us the right to. Don't they have to ask for it instead of having someone else ask to have them be given it? Well, Your Honor, the right that we're seeking to protect is the same relief and right that's afforded the other five teachers. I'm just more fundamental than that. To ask for something, it has to be you that's asking for it. I guess your argument is that the organization has standing to raise claims for individuals who would otherwise sue on their own behalf. Is that your argument? Yes, sir. Well, if that's your argument, your party is already a party. You don't need to have more people become parties. Well, Your Honor. Now you're asking for them to become parties when they weren't parties before, but you don't represent them. It just seems not to connect to me. Well, anyway, you can go ahead with your argument. But that's a fundamental problem I have with it. Fine, Your Honor. Your Honor, we will simply address the argument about the abuse of discretion on behalf of the lower court in this matter. At the time we sought to amend the complaint concerning the other 200 teachers, the district court ruled that that was untimely in nature and that was denied when the court issued its order. What the district court failed to do was to consider the competing interests of the parties and the likelihood of prejudice to the opponent. In this case, there will be no prejudice to the opponent whatsoever because adding the additional teachers would only have the consideration of what the back pay award would be. There would be no evidence. There would be no additional discovery. Nothing would be involved in this case other than the district court determining the level of damages. Now, this circuit in this court has long held that undue delay seeking amendments is not a reason to deny a plaintiff or party permission to amend. The court must also consider the competing interests of the party and the demonstration of prejudice. Here, Your Honors, there has been no demonstration of prejudice shown by any party whatsoever. And many cases that have been decided by this circuit have consistently ruled that. What the district court has effectively done would be the equivalent of a father bringing home a candy bar and son James is there and then son Peter comes home 20 minutes late and father says, Peter, you can't have... Why wouldn't there be prejudice as a result of the need to evaluate the claims of the people who were not previously a part of the lawsuit? Well, we're saying, Your Honor, there's no prejudice. There must be demonstrated a showing of prejudice by anyone who would oppose the amendment to the lawsuit. The prejudice comes from the delay and the fact that the decisions have been made that will have to be revisited at considerable time and expense of the court as well as the other parties. Well, Your Honor, I would say that there's no delay because the defendants are the people who sent out these notice of assessing. The Tennessee state law requires them to maintain a list of all assessed individuals. So all of these people were known to the defendants. It's not like suddenly one wants to assert a claim on behalf of these people. How is that relevant that these people were known? I mean, they still have different claims and allegations that could be raised before the court if it goes back to the district court. No, Your Honor, they have the exact same claims. Those 200 people were all assessed and dismissed just like the five plaintiffs. There's no distinction whatsoever between those 200 and the five who were the named plaintiffs. There's no distinction between any of them. Let me ask you this. What was the reason for the delay? Well, what occurred, Your Honor, unfortunately, there was a deposition. At the time of the deposition, the person who came to the deposition was Ken Foster, and he only named five teachers at that particular deposition. So when the matter moved forward and the association sought organizational standing, at that time for the first time we set forward to put those names forward. So the delay was before Attorney O'Neill and our office represented the association. The delay was on the part of other counsel in this matter. I'm not quite following that. Are you saying that the other counsel was not providing appropriate representation and therefore there was a need for additional counsel? What are you saying? No, Your Honor, what occurred was the Memphis-Shelby County education separated themselves from the Tennessee Education Association, and at that time they retained the law officers of Darrell J. O'Neill to represent them. So when we sought leave to amend the complaint, at that point in time we were the association's representatives and we sought the remedy that we're seeking now to be included with those other 200 people. Now I'm not seeing in the district court that you gave a that the district court was given a reason for the delay, the switching counsel and these other things, and that it looks as though that was raised only on appeal. Is that right or is that wrong? I believe that's correct, Your Honor. The district court did not inquire into the delay. The district court simply amended the order that the undue delay in and of itself was presidential. But you didn't give a reason before the district court, explain to the district court why the delay occurred, and wouldn't that, the fact that the district, the fact that that was not explained to the district court, wouldn't that be pertinent to our looking at whether the district court in making this decision? I don't believe so, Your Honor, because the district court did not inquire as to why there was a delay. Well, that didn't prevent you from raising the point with the district court or explaining to the district court whether the district court asked you or not. I won't dispute that, Your Honor. Counsel, if I could ask you, we've talked about approximately 200, but as I understand it, am I right, you submitted some kind of a spreadsheet with the names of, I think it said 203, is that correct? That's correct, yes, Your Honor. Which included the plaintiffs over here, the five. That's correct. The plaintiffs over here, the five. Okay, my question is, for any or all of those 203, did you have any kind of individual document from them? That is, did simply the association say, here's 203 people, go to it? Well, the association knew those 203 had also been dismissed, and the association told us to move forward on their behalf. And was this, and effectively, all the people that were known to the association to have been dismissed? Yes, sir. Okay, but without any knowledge of whether they had been re-employed or had retired or had moved to California? We knew that some of them had been re-employed and retired, and we did not include those. Okay, so you at least believed that the 203 were all still not re-employed? Would that be a fair statement? Not re-employed by the district, yes, sir. I'm sorry? Not re-employed by the district. By the district, but they might have been re-employed by these individual, I'll call them small cities? The other entities, yes, sir. I see. So in that sense, at least relative to what we were just calling re-employment, okay, I get the idea. All right, go ahead. I would like to follow up on Judge Boggs' question. In order for these people to get the back pay that you want, right, they have to be parties by their name, right? That's what you're trying to achieve is to get them to be parties. Is that correct? Yes, sir. And Judge Boggs asked you, usually if you're a lawyer and you want people to be parties, they retain you, or at least you say, I would like to represent you. And Judge Boggs asked you, was there any individual contact with those people? I didn't get the answer. No, sir. There was not. There was no individual contact with them. We're representing them. So you're just identifying people who should be parties and asking the court to make them parties. That's what you're doing. No, we're not asking the court to make them parties, sir. The district court. We're asserting our organizational standing to protect the rights of our members. Well, but you just said a minute ago that your organizational standing isn't enough for them to get the back pay. They have to be individual parties to get their back pay. You said that a minute ago. Is that correct? No, I don't believe that's correct, Your Honor. Well, then I'm puzzled. I thought the whole idea, what do you, you're already an organization. You don't need to make them parties if they're, what join means make them a party. Isn't that what join means? Well, Your Honor, the court did not ask permission to add them. But I'm asking what you were requesting. You wanted them to become individual parties so that they could get back pay. Yes, sir. All right. So you agree that you want them to be parties and they are not now, and when you're asking, they're not parties yet. Otherwise, you wouldn't be asking to make them parties, right? Yes, sir. Okay. So if you're asking them to be parties, isn't it normal when you're asking people to be parties, when you're asking the court to make certain people parties, to make sure that those parties either have been served as defendants or want to be parties? Your Honor, I fail to believe that any of them would not want to be a party when they're subject to receiving back pay. And we're protecting that interest. Their interest in receiving their back pay. Okay. Thank you. I think I see what you're saying. That concludes my argument, Your Honor. All right. Thank you. May it please the Court, I'm here again on behalf of the Shelby County Board of Education and Superintendent Dorsey Hobson. I will be splitting this argument with Mr. Hostak on behalf of the individual plaintiffs, and I'll be taking ten minutes and he will be taking five. Initially, this argument has been limited to the motion to join. As the court recognizes, that is an abuse of discretion. Standard of review, the district court based her decision, the court based its decision on timing only, based on the court's scheduling order, which set a November 28, 2014 date for joinder of parties. The motion to join these parties was filed October 13, 2016, and the court found that those two years, with nothing further, that it was not reasonable and that she would not allow the joining. The court did not go through the Rule 15 factors. Those have been raised that this is more like an amendment than a joinder, and we have addressed those in our brief, the undue delay, undue prejudice, bad faith, lack of notice, futility, all of those. I'll focus on just a couple of those today. With regard to the undue delay, so the deposition of this entity was taken. It did provide a corporate representative that was standing in the shoes of the organization. So the organization's books and records, all of that, are within the knowledge of this corporate representative, presumably. And the question was asked repeatedly, who else might be affected by this? What other members might you have? Because the district and the defendants are trying to figure out what is the possible number of individual plaintiffs. And, of course, you've seen the quotes to the deposition. There was at first one or two, and then three people were named. Now what happened after that is a matter of record, and I'm not sure if it's been fully briefed, is that two of those people that were named have come forward and filed their own suit, and then a third as well. Ballard and Newman? Ballard and Newman, and then a third. They're referred to in the footnote in the damages opinion. Right. So you're saying that there was a third one, but it's not in any of our records? Pamela Haynes was another person who was terminated and rehired shortly thereafter, so she had a small gap. That case was filed. With regard to these people, counsel, if they were to wake up individually and file suits now, would they be, from your point of view, let's assume you lose on everything else, would they be barred by statutes of limitations or anything of that sort that you know of? Interestingly, we raised statute of limitations as a defense. With regard to Pamela Haynes, she was the last person to file, and we argued that the one-year statute of limitations for the 1983 claim would apply, as well as to the 10-year claims. The district court denied the motion for summary judgment on statute of limitations, so that has been ruled upon. That case was subsequently settled, so that is not going to reach this court. But the district court ruled that it was hard to determine there's a three-year statute in Tennessee, a six-year statute in Tennessee for breach of contract, and then a catch-all 10-year. She ruled that no applicable statute of limitations had run at that point. So I can't stand here today and say I know what would happen. But at least off the top of your head, you don't have a killer argument on the one hand, which cuts both ways in the sense that at least it cuts down the unfairness of if we were to rule against the appellant, we'd say, okay, get a lawyer, get a representation contract, and have Adam. I feel fairly certain that not only the five plaintiffs we have, but these three are on the list as well, which shows the fallacy of the representation here, because these people have sought counsel, filed a suit, which is exactly what they should have done. In the previous argument, you seemed to say something like, well, we fired 300, but really there are only 10 or so that were really damaged. That may be too few, but I take it are you kind of implying that out of these 200, there are a lot that would have no problem at all because they were immediately rehired by the small cities? Or they were rehired even by the district. Well, I guess he asserted that none of them had been hired by the county. We don't know because we don't have their... Your Honor, that proof was not developed, okay? So that 200 list... Presumably that would have been something the district court would have had to do. It wouldn't have been just checking a box. Right, and it found that it did not even have to get to that step. Now, the appellants on this matter have raised, well, the school system knew, so there's no... No. I mean, for one thing, we have no idea which people are members of MSCEA or not. On first glance, it looked like quite a few people on that list didn't even have tenure. So they're in a completely different class of people. But we never got to that point of actually examining those names. I mean, I will tell you that the list for reemployment for that year, which was entered into this case, was less than 15 people. And quite a few of those have made individual appearances. I don't know why others chose not to. They may not have wanted to be involved in a lawsuit, but certainly they're right. The other 15, are you saying that's all that were put on the reemployment list? That's all that existed after the first few weeks of the year. And some of those people elected to retire. Some of the people said, we're not interested anymore. We're going to retire anyway. I mean, that's not necessary for the court to know that. I'm just saying that this argument of prejudice, it's been in no way proved. There's been no evidence of it. And if the evidence had gone forward, there would probably be opposite evidence. But in any event, I think the court's questions as to standing are really the most important because organizational standing doesn't imply damages, and individual standing does. And we don't have individual plaintiffs at this point. Some have chosen to be represented by other people who have filed their own cases. And that is in the record. When you say other people, are you now referring to Newman, Ring? Newman, Ballard. And the five that originally came forward, and then the three others. How do you normally join? I mean, there is a rule about joinder of new plaintiffs. How do you go about joining? What does that rule deal with? I do think you could have a timely motion for joinder of plaintiffs. But it's got to be those plaintiffs who are making the motion. I don't see how there's any other way it could be done. I think there has to be representation and an individual appearance by that person. Otherwise, they wouldn't be subject to the court. I mean, they wouldn't be subject to the rules of discovery if they weren't actually plaintiffs. Our rules don't contemplate that from an organizational standpoint, unless it is a class. I mean, that is the exception, and this is not a class. We pointed to futility. I would just mention that. I was skeptical of the argument when it was first brought to me that subject matter jurisdiction wouldn't exist here because of an interlocutory order. But that appears to be exactly what Bayer holds, that the court had dismissed in an interlocutory order all federal cases. At that point, the very same plaintiff moved to amend and add an extra state law case. And the court said, no, as of right now, there's no federal claim to add on, to be dependent to. And so when I went back and read that, that's the exact same situation as here. So when they are bringing these claims at this point, there is no subject matter jurisdiction to add on to at this point. Because at this point, the court— Is this a federal jurisdiction argument? This is for—should these particular plaintiffs be allowed to bring claims into federal court at this point when the federal cause of action, which is on appeal. That does appear to be what Bayer has held from a procedural standpoint. We don't need to reach that if we agree with any of your other arguments. That's exactly right, Your Honor. And I do think that we have given the court quite a few reasons, in addition to the valid reason that the district court used to deny this motion for joinder. These people have a remedy. They could have filed their suits. They presumably still could. I have no idea what the defenses would be at this point. And I'm not promising that we wouldn't have good defenses at this point. But it's certainly not our fault that there has been a delay on the part of individual plaintiffs who may seek damages. And since—this appeal did raise the due process claim as well, but it was not raised on argument. So if there's nothing further, that's all I have at this point. Good morning again, Your Honors. Phil Hostack again for the individual plaintiffs. I have very little to add to what Ms. Patterson said. I would simply emphasize that there's really an overarching flaw with this, which has been identified by Your Honors already, which is to say that now that it is ultra-clear that the only basis being asserted here for jurisdiction is organizational standing, the law is beyond clear that you cannot bring individualized claims. MSCA is a plaintiff for the purpose of declaratory relief, and there wasn't even an effort to change that in the motion to amend. So really this could be disposed of very, very easily on a lack of jurisdiction because if there's no standing, there's no Article III jurisdiction to entertain. What do you do with the argument that kind of was aimed at you, about you didn't—this should be allowed because you, I guess, you didn't go forward with these other people, you just focused on four of them. I guess that's the nature of the argument. Do you want to respond to that, or do you want to— Well, we can. We don't think it's necessary. You know, trial counsel made their decisions as to who had viable claims, and I can't really—there's nothing in the record, and I can't speak to anything that probably wouldn't be privileged or a work product as to why those decisions were made. It is definitely clear that fewer than 200 people have any kind of—had any kind of damages here. Do you have any comment on whether counsel for an organization has an obligation to the individuals in their individual capacity to represent them individually? Well, the organization has what it has in our organization. We have a legal services program that provides legal services for members pending a determination of merit by the organization and its lawyers that's open to all members who approach the organization. I'm asking whether there's some sort of ethical obligation, ethical or moral obligation, for associations counsel also to represent individuals. There is no obligation, I know of, Your Honor, to represent individual members irrespective of what—of those members' willingness to participate in a lawsuit and irrespective of determinations of whether there's a meritorious claim to be had. That's all I have. Let me ask you this. The association is asking for standing, asking to join the case, to join the individual members to this case, but if I understand they're only asking for declaratory relief or declaratory judgment and not compensatory damages. And does that change the complexion of the arguments such that they would be able to assert associational standing for purposes of declaratory judgment and then it would be left to the individual members as to whether to seek compensatory damages on an individual basis. Wouldn't the association have standing in that regard? They have standing to secure an overall declaratory ruling, just as they would if an injunction were sought, but not an individualized ruling as to each one. There's a dispute. It's clearly disputed whether or not all of the 200 people on this list actually are entitled to any relief. They already have that standing, right? I mean, they're not asking to have associational standing. They already have associational standing. Correct. They have associational standing for an overall declaration, but I don't think—I certainly have never seen a case— They're not seeking individualized damages at this point. Doesn't that change the strength of the argument that they should be able to come in to seek declaratory relief as to their membership or individual members of the association? That's not declaring the law. That's declaring facts and individualized facts at that. If any individuals, other than the now seven or eight people who have live lawsuits, wanted to sue the district, they could have sued the district. They could have approached the association. And the association as a party from the beginning, if I'm right, did they at an earlier time file a motion for declaratory judgment? Didn't file a motion, but the complaint asked—the ad damnum clause of the complaint asked for declaratory relief. And that simply was not pursued or not ruled on? It was not ruled on as far as I can tell. Let me just ask you, and I appreciate considering the cogency of your argument, but is there a particular reason that your clients now have any interest in this particular issue? I mean, we saw you cross the aisle, as it were. Yeah, we're temporarily allies on that. Well, the main dog we have in the fight is that we really couldn't sit idly by with an organization that we're no longer affiliated with, claimed our very own clients as their clients, essentially. The fact that MSCA sought to get relief on behalf of my clients— They were included in the spreadsheet. Yes, exactly. Other than that, they're not really seeking relief. True. But they were— Yeah. Okay. But if you humor the idea that you can submit a spreadsheet and say, you know, we now have shown entitlement relief. Okay. I get it. Thank you. Thank you. Mr. Floyd, did you reserve any rebuttal time? No, sir. All right. Okay. The case then is submitted. Thank you very much. And when the— Thank you. Thank you. And when the table is clear, the clerk may call the next case. May I be excused? Excuse me? May I be excused? Oh, certainly.